IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUCK INSURANCE EXCHANGE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 1812 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| MICHAEL CASSADY, JASON | ) | |
| MAJERCZAK, BRIAN MILLIGAN, and | ) | |
| THE PROVIDENCE OF PALATINE | ) | |
| CONDOMINIUM ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Truck Insurance Exchange filed this declaratory action to determine the rights and obligations of the parties under a liability insurance policy that plaintiff issued to defendant Providence of Palatine Condominium Association ("Condo Association"). The three individual defendants in this action—Michael Cassady, Jason Majerczak, and Brian Milligan—are also defendants in a currently pending action brought by the Condo Association in the Circuit Court of Cook County. Cassady, Majerczak, and Milligan tendered their defense of that action to plaintiff, considering themselves to be additional insureds under the Condo Association's insurance policy. Plaintiff contends that the Condo Association's policy does not provide coverage for defendants in the underlying action, and has filed the instant motion for judgment on the pleadings pursuant to Fed. R Civ. P. 12(c). In responding to that motion, defendants request that the court stay this action pending resolution of the underlying action. For the following reasons, plaintiff's motion is granted and defendants' request for a stay is denied.

**BACKGROUND**[1]

In 2006, Hummel Group, Ltd. and/or Hummel Development Group, LLC (collectively referred to as the "Developer") developed and sold the Providence of Palatine Condominium units in Palatine, Illinois. Defendants Cassady, Majerczak, and Milligan were the initial board members of the development's Condo Association, and are also alleged to have "controlled, owned, worked for and/or managed the Developer." On July 17, 2007, the Developer and the initial board turned over control of the Condo Association to a board of directors elected from the unit owner membership.

Almost two years later, plaintiff issued an insurance policy to the Condo Association, which was in effect from June 1, 2009, to June 1, 2010. The policy was renewed for the period of June 1, 2010, to June 1, 2011. The policy included both general liability and directors and officers ("D&O") liability coverage.

During the policy's effective period, on July 16, 2010, the Condo Association sued the Developer, Cassady, Majerczak, and Milligan in the Circuit Court of Cook County. The Providence of Palatine Condominium Assoc. v. Hummel Dev. Group, LLC, et al., No. 10 L 8253. The Condo Association's first amended complaint, filed on January 11, 2011, alleged that the Developer had caused a number of construction defects, decreasing the development's market value and forcing the Condo Association to incur the expense of repairing those defects. Four of the six counts (I, II, IV, and VI) are claims against the Developer for breach of warranty, breach of fiduciary duty, and violations of the Illinois Consumer Fraud Act. The remaining two

---

[1] The following facts come from the complaint (and the underlying first amended complaint, attached as an exhibit to the complaint in the instant case) and the court assumes them to be true for purposes of the instant motion.

counts (III and V) are claims against Cassady, Majerczak, and Milligan for breaching their fiduciary duties to the Condo Association in connection with the construction defects.

On December 7, 2010, eleven months after the Condo Association filed its amended complaint, Cassady, Majerczak, and Milligan notified plaintiff of the underlying action and sought coverage as additional insureds under the policy. Plaintiff denied coverage and filed the instant action, seeking a declaration that the policy does not cover Cassady, Majerczak, and Milligan, and that plaintiff therefore has no defense or indemnity obligations to them.

## **DISCUSSION**

**I.    Plaintiff's Motion for Judgment on the Pleadings**

Under Illinois law, which the parties agree controls, construction of an insurance policy's provisions is a question of law. E.g., Maryland Cas. Co. v. Chi. & N. W. Transp. Co., 466 N.E.2d 1091 (Ill. 1984). The court construes the policy as a whole and considers the risk undertaken, the subject matter, and the purposes of the entire policy. Outboard Marine Corp. v. Liberty Mut. Ins. Co., 607 N.E.2d 1204, 1212 (Ill. 1992). If language in the policy is unambiguous, the court affords its words "their plain, ordinary, and popular meaning." Id. If, however, the language is susceptible to more than one reasonable interpretation, it is considered ambiguous and the court construes it in favor of the insured and against the insurer. Id. at 1212-13. In particular, "provisions that limit or exclude coverage are to construed liberally in favor of the insured and most strongly against the insurer." National Union Fire Ins Co. of Pitts. v. Glenview Park Dist., 632 N.E.2d 1039, 1042 (Ill. 1994) (internal citation and quotations omitted).

In the instant case, language in both the general liability and D&O coverage provisions unambiguously excludes coverage for defendants regarding the underlying action. First, because they were not directors or officers when the policy was in effect—they relinquished their positions on July 17, 2007, and the policy became effective almost two years later, on June 1, 2009—defendants are not entitled to general liability coverage. The "Who is an Insured" language in the policy's general liability portion provides that "'executive officers' and directors are insureds . . . with respect to their duties as your officers or directors." The provision would cover defendants only if it referred to <u>former</u> executive officers and directors, as does the policy's the D&O portion. That section of the policy specifically includes "[a]ny person who has been, now is, or shall become . . . [d]uly elected or appointed officer of an insured organization." The general liability section does not contain any similarly broad language extending coverage to past officers. Placed in the context of the entire contract, and giving the provision its plain meaning, the "Who is an Insured" general liability provision covers only then-current directors and officers.

Defendants attempt to refute this conclusion by arguing that the provision is ambiguous, requiring the court to construe the provision's silence on former directors and officers in their favor. Although the court would construe any ambiguity in defendants' favor, this provision is unambiguous and the court therefore need not strain to interpret the policy in defendants' favor. The provision is susceptible to only one reading: that only directors and officers during the policy's effective period are entitled to coverage.

Second, the D&O liability section of the policy unambiguously excludes coverage for defendants related to the underlying action. This section contains an "insured v. insured"

exception, which excludes from coverage any claims "[b]rought or maintained by or on behalf of an insured organization." Plaintiff argues that this provision excludes coverage for defendants in the underlying action because it, as the insured organization, brought that action. Probably because that argument is so clearly correct, defendants have not responded to it.

Plaintiff additionally argues, and defendants dispute, that based on the underlying complaint's allegations, a number of the policy's specific provisions also exclude coverage. This analysis would require the court to compare the underlying complaint's allegations to the policy's coverage provisions, Crum and Forster Mgrs. Corp. v. Resolution Trust Corp., 620 N.E.2d 1073, 1079 (Ill. 1993), and determine whether "it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage," Northbrook Prop. and Cas. Co. v. Transp. Joint Agreement, 741 N.E.2d 253, 254 (Ill. 2000). If that is the case, the insurer has no duty to defend, and accordingly no duty to indemnify. Crum and Forster, 620 N.E.2d at 1081. The court need not, however, reach these arguments. Because defendants do not fall within the general liability section's definition of an insured, and because the D&O liability section contains an insured v. insured exception, the policy does not provide coverage for defendants in the underlying action.

## II. Defendants' Request for a Stay

Defendants request that the court stay this action pending the outcome of the underlying litigation, arguing that a stay is warranted by the overlapping factual issues in this proceeding and the state-court action. Specifically, defendants claim that determining whether the policy provides coverage for them "would necessitate a determination of defendants' actual liability to the Condo Association in the underlying lawsuit or the ultimate facts upon which such liability is

5

based." Were that true, as defendants point out, they would be forced into the position of arguing (to take their example) that they have D&O coverage because the complaint states that they committed "wrongful acts." Putting aside that this argument would involve only allegations, not their veracity, defendants are incorrect that a stay is required. In determining as a matter of law that defendants are not entitled to coverage regarding the underlying action, the court has not decided any factual issues raised in that action.

## CONCLUSION

For the reasons discussed above, the court grants plaintiff's motion for judgment on the pleadings and denies defendants' request to stay this action pending the outcome of the underlying action in the Circuit Court of Cook County. The court enters a judgment finding and declaring as follows:

(A) The policy does not provide coverage to defendants with respect to the underlying action;

(B) plaintiff does not have a duty to defend defendants in the underlying action; and

(C) plaintiff does not have a duty to indemnify or reimburse defendants for any costs incurred or amounts owed with respect to the underlying action.

So ordered.

**ENTER:** **October 21, 2011**

_____
**Robert W. Gettleman
United States District Judge**